SUMMERLIN *et al.*, administrators, *vs.* DORSETT, administrator.

A will which was probated in 1857 provided a life estate in the realty for the widow of the testator; at her death certain land was to go to the children of one of testator's sons, to be managed for them by said son free from liability to account for use, etc.; the personalty (with certain exceptions) was to go to the widow to be used and controlled by her for life, and at her death to be divided among testator's children and grandchildren, in the manner pointed out. It was provided that there should be no sale of negroes for the sake of distribution, but that the executor should divide them into lots as nearly equal as possible, and that the difference in equality be made up in money. In the same year the executor returned that he had $6,454.09 cash left at the death of testator. He never paid it over, but died in 1866; his estate was unrepresented till 1876, when administration was had. In 1877 the widow of the original testator died. In 1879 his administrator *de bonis non* brought suit against the administrator of the deceased executor for the money so returned:

*Held*, that the declaration showed on its face that it was barred by the act of 1869, and was demurrable. The will did not intend for the money to be retained by the executor for purposes of equalization at the death of the widow; it was intended for that to be done by inter-payments among the distributees. The right of action had accrued for the use of herself and the remaindermen, if anything should be left, prior to 1865, if she took any estate in it. If she took none, then the right of action had accrued to the legatees. In either event the suit was not brought prior to 1870, nor within nine months and fifteen days after administration on the estate of the executor.

Wills. Administrators and executors. Statute of limitations. Before Judge BUCHANAN. Douglass Superior Court. January Term, 1880.

Summerlin *et al.*, administrators *de bonis non* of Lazarus Summerlin, brought assumpsit, in 1879, against Dorsett, administrator of Joseph Summerlin, who had been the executor of said Lazarus. The declaration alleged substantially the facts stated in the head-note. On demurrer, the court dismissed the declaration on the ground that it showed on its face that it was barred by the statute of limitations. Plaintiffs excepted.

L. H. FEATHERSTON; C. W. MABRY, for plaintiffs in error.

P. H. BREWSTER; J. S. JAMES; R. A. MASSEY; L. R. RAY; A. J. RICHARDS, for defendant.

JACKSON, Chief Justice.

This is an action of assumpsit brought by the administrators *de bonis non* with the will annexed, of Lazarus Summerlin, against the administrator of Joseph Summerlin, to collect from him a claim for six thousand four hundred and fifty-four dollars, which it is alleged came into the hands of Joseph Summerlin in 1857, as executor of the will of said Lazarus Summerlin. The declaration

was demurred to because it was barred by the act of 1869; the court below sustained the demurrer, and the plaintiffs excepted.

Joseph Summerlin died in 1863, and there was no grant of letters of administration on his estate until 1876, but this action was not brought before the first day of January, 1870, or within nine months and fifteen days of the grant of those letters, and therefore if the right of action of the heirs-at-law or legatees under the will of Lazarus Summerlin, for whose benefit this action is brought by the administrators *de bonis non*, arose before 1865, the action is barred by that statute and by the construction placed on that statute by this court; but if no suit could have been brought against Joseph Summerlin in his life-time, as he died in 1863, then the suit is not barred by that act, because no cause of action arose before 1865. The question is did the legatees have the right to sue Joseph Summerlin for this money before his death?

It is insisted for the plaintiffs in error that the will of Lazarus Summerlin required the executor, Joseph Summerlin, to keep the estate together until the death of the widow, and as that took place in 1877, the right of action accrued then when the property was to be divided among the legatees—the widow to have the use of it for life—and that Joseph Summerlin was to retain this money, which he returned as in his hands in 1857, in order to equalize the shares of negroes which were to be divided at the death of the widow.

We cannot think such was the intention of the testator. So far as the lands are concerned, they were to go to the widow for life, and then to the children of Michael Summerlin, testator's son, and at the death of the widow, Michael, and not Joseph, was to manage the land for his children's benefit, schooling, etc., but without accountability to them; and as to the personal estate, that his wife was to use and control. If this money was part of that personalty, she was to have the use and control of it, and

the executor is clothed with no power to interfere with her. When he turned it over to her the will was executed as to that money, if it went to her by the will. If he did not turn it over, she could have sued him for it, and her right of action accrued for her use and control as well as the benefit of the remaindermen, if any of it was not consumed by her. If she took no estate in the money, then the other legatees could have sued, if it passed under the will, and if not the heirs at law could have sued Joseph Summerlin for it. The idea that the executor was to hold this large sum of money to equalize the shares of the negroes when divided after the widow's death seems to us wholly untenable. The testator contemplated that those shares of slaves should be made equal by the legatees paying each other the differences in value of their respective shares, and not the withholding this large sum of money from his wife and children and locking it up in the hands of his executor until the widow died.

No fraud and corruption is averred against the executor so as to take the case without the act of 1869, and we are of the opinion that this is one of the cases on which that statute was intended to operate, and that the judge of the superior court did not err in holding that the action was barred, as appeared on the face of the declaration, and in sustaining the demurrer and dismissing the suit.

Judgment affirmed.